UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROXANNE WELLS-WILLIAMS,          )
                                 )
            Plaintiff,           )
                                 )
v.                               )          Case No. 4:16-CV-348
                                 )
BI-STATE DEVELOPMENT d/b/a       )
METRO, ET AL.,                   )
                                 )
            Defendants.          )

## MEMORANDUM AND ORDER

This case comes before the Court on plaintiff's motion to remand this action to the

Circuit Court in St. Louis City, Missouri (#13).  Plaintiff argues that this Court does not

have jurisdiction over the action and that defendants' removal was improper.  The matter

has been fully briefed and is ready for disposition.  For the following reasons, the motion

will be granted.

## I.    Factual Background

Plaintiff Roxanne Wells-Williams is a citizen of Missouri.  Defendant Bi-State

Development Agency d/b/a Metro Transit ("Bi-State") is an entity created in 1949 by an

interstate compact entered into by Missouri and Illinois, and approved by the United

States Congress, pursuant to the Compact Clause of the United States Constitution.  U.S.

Const. art. I, § 10, cl. 3.; Mo. Rev. Stat. § 70.370 (1998); 45 Ill. Comp. Stat. 100/1

(2008).  *KMOV TV, Inc. v. Bi-State Dev. Agency of the Missouri-Illinois Metro. Dist.*, 625

F. Supp. 2d 808, 809 (E.D. Mo. 2008).  The Compact created Bi-State, defined a regional

Bi-State Development District, and established a basic administrative structure for its governance. *Id.* Bi-State's purpose is "to provide a unified mass transportation system" for the bi-state region. *Id.* (quoting *Bartlett v. Bi-State Devel. Agency*, 827 S.W.2d 267, 269 (Mo. App. 1992)).

Plaintiff was an employee of Bi-State on August 23, 2015 when she was allegedly injured within the scope of her employment (#5). Plaintiff alleges that following her injury, she was unlawfully and wrongfully terminated. Plaintiff claims she was (1) unlawfully terminated under § 213.055 RSMo, (2) wrongfully terminated after making a workers' compensation claim under § 287.780 RSMo, (3) defamed by defendants, and (4) conspired against by the defendants after she exercised her compensation rights under Missouri's workers' compensation laws.

Defendants removed this action, claiming that this Court had original jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1331.[1] Defendants argue that this court has original jurisdiction over this lawsuit because "Plaintiff's claims require the court to interpret the interstate compact in order to determine the applicability of Missouri statutes to the bi-state agency" (#1). The matter before the Court is plaintiff's motion to remand the action to the Missouri courts (#13). Plaintiff argues that this Court does not have original jurisdiction because none of her claims arise under federal law.

---

[1] Defendants, in their notice of removal, incorrectly claimed that this Court had original jurisdiction over this lawsuit because of plaintiff's federal claim under Title VII. Plaintiff did not bring any such claim. Thus, the Court will only focus on defendants' claim that this Court also has original jurisdiction because "Plaintiff's claims require the court to interpret the interstate compact in order to determine the applicability of Missouri statutes to the bi-state agency" (#1).

## II.    Legal Standard

Removal statutes are strictly construed, *In Re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993), and any doubts about the propriety of removal are to be resolved in favor of remand.  *Central Iowa Power Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).  "The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence."  *Collier v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, No. 4:14-CV-1263 JCH, 2014 WL 5343357, at *1 (E.D. Mo. Oct. 20, 2014) (citing *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781-82 (8th Cir. 2009)).  In this case, the defendants carry that burden.

A civil action brought in state court may be removed to a proper district court if that district court has original jurisdiction over the lawsuit.  28 U.S.C. § 1441(a).  *Id.* at *2.  In other words, removal of a lawsuit from state court is proper if the plaintiff could have originally brought the lawsuit in federal court.  *Coalition for Safe Transit, Inc. v. Bi-State Development Agency*, 778 F. Supp. 464, 466 (E.D. Mo. 1991).  The parties do not allege, and there are no facts to support, the existence of diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  Thus, the only possible basis of federal subject matter jurisdiction in this action is federal question jurisdiction, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S. § 1331.

To determine whether a claim "arises under" federal law, "[t]he general rule --- known as the 'well-pleaded complaint rule' --- is that a complaint must state on its face a

federal cause of action in order for the action to be removable on the basis of federal-question jurisdiction." *Amalgamated Transit Union Div. v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, No. 4:15-CV-00455 AGF, 2015 WL 3645513, at *2 (E.D. Mo. June 10, 2015) (quoting *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015)). A claim may arise under federal law when "vindication of a right under state law necessarily turn[s] on some construction of federal law. *Collier*, 2014 WL 5343357, at *2 (quoting *Merrell Dow. Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1996)). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Brust v. ACF Industries, L.L.C.*, No. 11-4839, 2011 WL 6756921, at *2 (D.N.J. Dec. 21, 2011) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The basis for federal question jurisdiction must arise "within the four corners of the *complaint*." *Id.* (internal citations omitted) (emphasis added).

Because the "well-pleaded complaint rule" requires that federal question jurisdiction will only be found within the complaint, typically, "the existence of a federal defense . . . does not create federal-question jurisdiction." *Griffioen*, 785 F.3d at 1188 (internal citations omitted). It is settled law that "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc.*, 482 U.S. at 393 (internal citations omitted) (emphasis in original). Additionally, "[t]he mere fact that a court necessarily must interpret federal law or federal regulations to determine the merits of a claim is

insufficient to confer federal jurisdiction." *Coalition for Safe Transit*, 778 F. Supp. at 467 (quoting *J.A. Jones Const. Co. v. City of New York*, 753 F. Supp. 497, 501 (S.D.N.Y. 1990)) (additional citations omitted).

## III.  Interpretation of Interstate Compacts

Entities created by interstate compacts observe a unique legal status as they "are creations of three discrete sovereigns: two States and the federal Government." *KMOV TV*, 625 F. Supp. 2d at 811 (quoting *Hess v. Port Authority of Trans-Hudson Corp.*, 513 U.S. 30, 41 (1994)).  One commentator has observed that "[c]ompact agencies and entities are said to exist in a no-man's land. They lie somewhere in the space between independent and dependent, sovereign and subject, state and federal."  Matthew S. Tripolitsiotis, *Bridge over Troubled Waters: The Application of State Law to Compact Clause Entities*, 23 Yale L. & Pol'y Rev. 163, 167 (2005).  Bi-state entities are "not subject to the unilateral control of any one of the states that compose the federal system." *Hess*, 513 U.S. at 42.

Once the states enter into an interstate compact that is approved by Congress, the compact is treated as federal law. *Cuyler v. Adams*, 449 U.S. 433, 438 (1981) (internal citations omitted).  "Because congressional consent transforms an interstate compact within this Clause into a law of the United States, we have held that the *construction* of an interstate agreement sanctioned by Congress under the Compact Clause presents a federal question." *Id.* (emphasis added).  Thus, the "*interpretation* of an interstate compact is a matter of federal law." *KMOV TV*, 625 F. Supp. 2d at 811-812 (emphasis added).

**IV. Discussion**

Defendants argue that the Court must determine whether Missouri's state law applies to Bi-State and that, because that determination requires interpretation of the compact, federal question jurisdiction exists. There "mere presence of a federal issue in a state cause of action," however, "does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 808. The Supreme Court has specifically observed that a "defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* at 808. Rather, this Court must undertake "an evaluation of the *nature* of the federal interest at stake." *Id.* at 808 n.12 (emphasis in original). To do so, the Court employs the "well-pleaded complaint" rule, which makes the plaintiff master of her claim; "she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. Under the well-pleaded complaint rule,

> whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 10 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

All four of plaintiff's causes of action arise solely under Missouri law. Defendants' sole argument in support of federal question jurisdiction is that the compact must be interpreted and that "interpretation of an interstate compact is a matter of federal law." *KMOV TV*, 625 F. Supp. 2d at 811-812. *KMOV TV*, however, did not address a

motion to remand; it addressed a motion to dismiss and held that Missouri's "Sunshine Law" did not apply to Bi-State because the Illinois legislature had not concurred in the Missouri legislature's decision to enact a provision of the Sunshine Law that applied to Bi-State. *Id.* at 814. The Court thus held that plaintiff had failed to state a claim against Bi-State under Federal Rule of Civil Procedure 12(b)(6). No issue of federal jurisdiction was raised, and the Court did not discuss the "well-pleaded complaint" rule. *KMOV TV*, then, is not dispositive here; although "interpretation" of a compact is a matter of federal law, that is not the end of this Court's inquiry where federal jurisdiction is at issue.

This Court has, on at least three occasions, remanded lawsuits against Bi-State where Bi-State made similar arguments that interpretation of the compact would be required. *Collier,* 2014 WL 5343357 at *4; *Amalgamated Transit Union Div. v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, No. 4:15-CV-00455 AGF, 2015 WL 3645513 (E.D. Mo. June 10, 2015); *Emsweller v. Bi-State Dev. Agency, Inc.*, No. 4:16-cv-1532 AGF, Dkt. #8 (E.D. Mo. Oct. 27, 2016). In *Collier*, plaintiff's petition claimed "breach of Metro's pension plan and breach of the Pension Committee's fiduciary duties," which were state law claims. *Collier,* 2014 WL 5343357 at *1. As it does now, Bi-State then argued that the claims alleged in plaintiff's petition required construction of the compact, which created federal question jurisdiction. *Id.* The Court, in holding that it lacked federal question jurisdiction over the lawsuit, stated "A vague claim that interpretation of the entire Compact may be necessary to understand sovereignty issues that may be important is not a firm enough basis on which to establish federal question jurisdiction." *Id.* at 3. In sum, the defendant interstate compact entity did not carry its

burden to support removal.  *See also Brust v. ACF Industries, L.L.C.*, No. 11-4839, 2011 WL 6756921 (D.N.J. Dec. 21, 2011) (holding that federal defense regarding interpretation of compact did not confer federal question jurisdiction); *People ex rel. Hal D. v. Nine Mile Canal Co.*, 828 F. Supp. 823 (D. Colo. 1993) (same).

Here, too, defendant does not meet its burden to prove federal subject matter jurisdiction over plaintiff's state law claims.

## V.    Conclusion

For the foregoing reasons, plaintiff's motion to remand shall be granted.


Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (#13) is **GRANTED.**


Dated this   22nd   day of November, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE